■ ALENE BURKE, Appellant, v BARRY M. BURKE, Respondent. — In an action for divorce, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered October 28, 1982, as failed to grant plaintiff a money judgment for alleged arrears in *pendente lite* maintenance and child support. The appeal brings up for review an order of the same court, dated December 9, 1982, which denied plaintiff's posttrial motion, *inter alia,* for an order directing the defendant husband to make mortgage payments, pay the fuel bill and garbage bill and reimburse the wife for payments of homeowner's insurance premiums. Judgment modified, on the law and the facts, by adding a provision authorizing entry of a money judgment against defendant husband for (1) the September, 1982 mortgage installment of $288, (2) a fuel bill of $687.12 and (3) reimbursements to

plaintiff of $513 for payment of a fuel bill and insurance premiums, for the total principal sum of $1,488.12. As so modified, judgment affirmed, insofar as appealed from, with costs to the plaintiff wife, and order dated December 9, 1982 modified accordingly. The hearing on plaintiff's motion for entry of a money judgment for alleged arrears in *pendente lite* maintenance and child support was consolidated with the trial. The Trial Judge disposed of the motion by stating that: "By separate motion now before the trial court, plaintiff seeks alleged arrears in the sum of $4,925.32. After hearing all the testimony herein, the Court is convinced that defendant has now paid the mortgage through August, 1982 and other amounts claimed to be due have either been paid by defendant, are not his responsibility pursuant to the said (pendente lite) order, and any amount the Court 'finds due will be considered in making the distributive award". The items to which the trial court referred in this paragraph are not otherwise identified therein by name, type, nor dollar amounts. We have reviewed the entire record and find that the evidence requires and justice dictates that plaintiff recover a money judgment in the principal sum of $1,488.12 because that amount was not paid by defendant although it was his obligation to do so, and that amount was not properly or fairly taken into account in determining the amount of the distributive award, notwithstanding the trial court's conclusory statements to the contrary. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.